IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMBER WALKER                                                      PLAINTIFF

VS.                                            CIVIL ACTION NO.  2:23-cv-29-KS-MTP

STATE FARM FIRE AND CASUALTY COMPANY                             DEFENDANT

## NOTICE OF REMOVAL

Defendant, State Farm Fire and Casualty Company, by and through counsel, presents this Notice of Removal of the cause described below from the Circuit Court of Lamar County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division, pursuant to 28 U.S.C. §§1332, 1441, and 1446, and state as follows:

### I.   JURISDICTION AND VENUE

1.   This civil action was originally commenced by Plaintiff in the Circuit Court of Lamar County, Mississippi, against State Farm Fire and Casualty Company, and proceeded in that Court under cause number 22-CV-174-PH.   Plaintiff filed her Complaint on December 27, 2022.   She served the Complaint on State Farm Fire and Casualty Company's agent for service of process on January 20, 2023.

2.    This Court has jurisdiction over this matter, and this matter is properly removed to this Court, pursuant to 28 U.S.C. §§1332, 1441 and 1446.

## II.    DIVERSITY OF CITIZENSHIP JURISDICTION

3.    This action is properly removed to this Court pursuant to 28 U.S.C. §§1332 and 1441, since the parties to this matter are of entirely diverse citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.    Complete diversity of citizenship exists between Plaintiff and Defendant, State Farm Fire and Casualty Company.

## III. PARTIES

5.    According to the allegations of the Plaintiff's Complaint, Plaintiff, at the time of the filing of the Complaint, was an adult resident citizen of Lamar County, Mississippi. (See Complaint, Exhibit "A", paragraph 1).

6.    Defendant State Farm Fire and Casualty Company is a corporation organized under and pursuant to the laws of the State of Illinois, and not Mississippi, having its principal place of business in the State of Illinois.

## IV.  AMOUNT IN CONTROVERSY

7.    The amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the claims alleged in Plaintiff's Complaint.  Although the Plaintiff's Complaint does

not specify an amount sued for, it is clear from the face of the Complaint that the amount in controversy exceeds $75,000.00. According to the allegations of the Plaintiff's Complaint, the Plaintiff is seeking damages for compensatory damages, special damages, emotional distress damages, incidental and consequential damages, plus attorneys' fees and costs, *Veasley* damages, and punitive damages. See Complaint attached hereto as Exhibit "A".

8.    Plaintiff's claim for unspecified punitive damages is alone sufficient to meet the jurisdictional limit of this Court pursuant to Mississippi law. *See Brasel v. Unumprovident Corp.*, 2001 WL 1530342 (N.D. Miss., Oct. 25, 2001); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F.Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcelv v. Poole Co.*, 5 F.3d 81, 84-85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)); see also *Montgomery v. First Family Fin. Serv Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (Mississippi federal courts consistently hold that an unspecified amount claimed as punitive damages under Mississippi law is deemed to satisfy the amount in controversy requirement for federal diversity jurisdiction). The Plaintiff's demand for punitive damages, combined with the actual damages sought clearly satisfy the amount in controversy requirement.

9.    Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, since it is a civil action between citizens of different states with the amount in controversy in excess of $75.000.00, exclusive of costs and interest, and this action is hereby removed to this Court pursuant to 28 U.S.C. § 1441.

## V.    CONCLUSION

10.    A copy of all process, pleadings and orders previously filed in the Circuit Court of Lamar County, Mississippi, is attached hereto as Exhibit "B" to this pleading.

11.    Pursuant to 28 U.S.C.§ 1446 a copy of this Notice of Removal is being provided to the Clerk of the Circuit Court of Lamar County, Mississippi, and written notice of the filing of this Notice of Removal is being given directly to all parties or through their counsel of record.

12.    Pursuant to this removal and the clear provisions of 28 U.S.C. § 1446, there should be no further proceedings in the Circuit Court of Lamar County, Mississippi.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, Defendant, State Farm Fire and Casualty Company, respectfully requests this Court to properly assume full jurisdiction over the Plaintiff's claims against it.

4

This the 21st day of February, 2023.

Respectfully submitted,

**STATE FARM FIRE AND CASUALTY COMPANY**

BY: _____

MICHAEL F. MYERS (MSB #3712)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive
P. O. Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Fax: (601) 969-5120
mmyers@curriejohnson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this date filed and sent a copy

of the foregoing to the following:

Paul Manion Anderson, Esq.
McHard, McHard, Anderson & Associates, PLLC
140 Mayfair Rd., Suite 1500
Hattiesburg, MS 39402

THIS, the 21st day of February, 2023.

_____

MICHAEL F. MYERS